OFFICE OF THE GOVERNOR *v.* SELECT COMMITTEE
OF INQUIRY TO RECOMMEND WHETHER
SUFFICIENT GROUNDS EXIST FOR
THE HOUSE OF REPRESENTATIVES
TO IMPEACH GOVERNOR JOHN G.
ROWLAND PURSUANT TO ARTICLE
NINTH OF THE STATE
CONSTITUTION
(SC 17211)

Sullivan, C. J., and Borden, Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued June 18—officially released June 18, 2004*

* June 18, 2004, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Ross H. Garber*, with whom was *Melinda M. Decker*, for the appellant (plaintiff).

*Cynthia S. Arato*, pro hac vice, with whom were *Steven F. Reich*, pro hac vice, *Marc Isserles*, pro hac vice, and *Laura Jordan* and *Mary Anne O'Neill*, for the appellee (defendant).

*Opinion*

PER CURIAM.[1] The principal issue in this appeal[2] is whether the plaintiff, the office of the governor of

---

[1] This preliminary opinion is the result of a collaborative effort by the members of the majority of this court, namely, Borden, Norcott, Katz, Palmer and Vertefeuille, Js. Hence, it is issued as a per curiam opinion in which those members of the court join.

This case was briefed and argued before this court on an expedited basis. Following oral argument on this date, the court has decided the appeal by rendering its judgment in this truncated form. A full opinion will follow in due course.

[2] Following certification by the Chief Justice, the plaintiff has filed this expedited, public interest appeal pursuant to General Statutes § 52-265a, from the judgment of the trial court denying its motion to quash a subpoena and for injunctive relief.

General Statutes § 52-265a provides: "(a) Notwithstanding the provisions of sections 52-264 and 52-265, any party to an action who is aggrieved by an order or decision of the Superior Court in an action which involves a matter of substantial public interest and in which delay may work a substantial injustice, may appeal under this section from the order or decision to the Supreme Court within two weeks from the date of the issuance of the order or decision. The appeal shall state the question of law on which it is based.

"(b) The Chief Justice shall, within one week of receipt of the appeal, rule whether the issue involves a substantial public interest and whether delay may work a substantial injustice.

"(c) Upon certification by the Chief Justice that a substantial public interest is involved and that delay may work a substantial injustice, the trial

Connecticut,[3] John G. Rowland, is categorically immune, by virtue of article second of the constitution of Connecticut,[4] the separation of powers provision, from a subpoena issued by the defendant, the select committee of inquiry to recommend whether sufficient grounds exist for the House of Representatives to impeach Governor John G. Rowland pursuant to article ninth of the state constitution, to compel the governor to testify before the defendant in connection with its duties. The plaintiff claims that the subpoena is invalid because: (1) the governor is categorically immune from being compelled to testify, regarding the performance of his official duties, before the defendant, in the performance of its duties, on the ground of the separation of powers provision contained in article second of the state constitution; and (2) even if the governor is not categorically immune, this subpoena is inconsistent with the separation of powers provision. The defendant, in addition to responding to the plaintiff's claims on the merits, contends that both the trial court and this court lack subject matter jurisdiction over the plaintiff's challenge to the subpoena because: (1) it is barred under this court's decision in *Kinsella* v. *Jaekle*, 192

judge shall immediately transmit a certificate of his decision, together with a proper finding of fact, to the Chief Justice, who shall thereupon call a special session of the Supreme Court for the purpose of an immediate hearing upon the appeal.

"(d) The Chief Justice may make orders to expedite such appeals, including orders specifying the manner in which the record on appeal may be prepared."

[3] The plaintiff in this case is the office of the governor of Connecticut, and not the governor himself. The governor did not bring or join the trial court proceedings or participate in this appeal. Nonetheless, we recognize that our decision in the present case affects him in his official capacity.

[4] The constitution of Connecticut, article second, as amended by article eighteen of the amendments, provides in relevant part: "The powers of government shall be divided into three distinct departments, and each of them confided to a separate magistracy, to wit, those which are legislative, to one; those which are executive, to another; and those which are judicial, to another. . . ."

Conn. 704, 475 A.2d 243 (1984); (2) it is barred by the speech or debate clause contained in article third, § 15, of the constitution of Connecticut;[5] (3) it is premature; and (4) it is not subject to judicial review because it is a political question.

For reasons that we will give in full in due course; see footnote 1 of this opinion; we reject the defendant's jurisdictional claims, and we conclude that: (1) the governor is not categorically immune from compelled testimony by this subpoena; and (2) the subpoena is not inconsistent with the separation of powers provision of the state constitution. We therefore conclude that the trial court properly denied the plaintiff's motion to quash the subpoena and for injunctive relief.

The judgment is affirmed, and the stay of the subpoena, previously issued by this court until 5 p.m. on this date, is vacated, effective immediately.

SULLIVAN, C. J., and ZARELLA, J., dissenting. We respectfully dissent from the majority opinion. We would conclude that the complaint of the plaintiff, the office of the governor of Connecticut, seeking to quash the subpoena issued by the defendant, the select committee of inquiry to recommend whether sufficient grounds exist for the House of Representatives to impeach Governor John G. Rowland pursuant to article ninth of the state constitution, should be dismissed as premature. This conclusion is compelled by our state constitution's speech or debate clause and by the separation of powers doctrine. In our view, the court should not reach out and decide difficult constitutional ques-

---

[5] The constitution of Connecticut, article third, § 15, provides: "The senators and representatives shall, in all cases of civil process, be privileged from arrest, during any session of the general assembly, and for four days before the commencement and after the termination of any session thereof. And for any speech or debate in either house, they shall not be questioned in any other place."

tions involving the balance of powers between the legislature and the chief executive in the absence of an immediate and compelling need to do so. Accordingly, for reasons that we will discuss more fully in due course, we believe that the case should be remanded to the trial court with direction to dismiss the plaintiff's complaint.